IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID M. DEBIASI,

       Plaintiff,

v.                                      Civil Action No.: 3:24-cv-115

AARP,
**SERVE:**      **Registered Agent**
              **CT Corporation System**
              **4701 Cox Road, Suite 285**
              **Glen Allen, VA  23060**

       Defendant.

                                                **JURY TRIAL**
                                               **DEMANDED**

## **COMPLAINT**

The plaintiff David M. DeBiasi, by counsel, submits this Complaint against the defendant AARP and states as follows:

## NATURE OF ACTION

This is a civil action seeking compensatory damages for wrongful termination from employment on account of race discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

## PARTIES

1. DeBiasi is a white male residing in the City of Richmond.

2. AARP is a nonprofit public interest group focused on issues affecting people over the age of 50. The group's headquarters are located at 601 E Street, N.W., Washington, DC 20049. DeBiasi was employed in the Virginia state office, which has offices at 901 E. Byrd Street, Suite 1005, Richmond, VA 23219.

3. DeBiasi was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

4. AARP was an "employer" within the meaning of 42 U.S.C. § 2000e(b).

## JURISDICTION AND VENUE

5. Jurisdiction over plaintiff's claims is based on 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(3) (violation of civil rights). Venue is proper in this District, as the location of the parties and the situs of the events set forth herein.

## PROCEDURAL STATUS

6. On April 19, 2023, DeBiasi filed a timely administrative Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

7. On February 7, 2024, the EEOC issued DeBiasi a Notice of Right to Sue within 90 Days.

8. This action is timely filed and all procedural prerequisites to suit have been met.

## BACKGROUND

9. DeBiasi commenced work for AARP in June 2010. At the time of his dismissal he was the Associate State Director – Advocacy and Outreach for AARP's Virginia State Office. He earned $114,600, plus benefits and annual bonuses of 5-10% of his salary.

10. In that position, DeBiasi shared duties with Philisa Johnson, Associate State Director - Outreach, who is an African American female. Both employees reported directly to Jim Dau, Virginia State Director.

11. As Johnson was relatively new to the position, DeBiasi sometimes advised her about the operation of the office. On one occasion, Johnson tried to schedule a team meeting without researching the team members' availability by checking their calendars. This action was contrary

2

to the work culture of the Virginia State Office, and DeBiasi told her that the approach was "lazy."

12. Johnson took offense at the characterization, and DeBiasi apologized. He was passionate about his work for AARP and held himself to exacting standards of performance. DeBiasi's only motivation was to uphold the high work standards of AARP employees. Rather than accept his apology, Johnson told DeBiasi, "I know who you are now."

13. In August 2022, DeBiasi advised Johnson that she was not meeting the workload metrics that AARP had set for outreach directors. Since he was a co-lead for outreach, DeBiasi suggested how Johnson could improve her outreach and marketing activities. Rather than accept advice from an experienced co-worker, DeBiasi believes that Johnson reported him to AARP's Human Resources Department and an investigation commenced. The investigation concluded that DeBiasi had bullied Johnson.

14. The investigator brought up to DeBiasi statements that he made in an intra-office open discussion on race that AARP held for employees in the aftermath of the George Floyd murder. During that discussion, DeBiasi acknowledged holding racial attitudes earlier in his life as a result of his childhood upbringing. These confidential statements were made in the context of a meeting to promote reconciliation and racial healing. The investigator breached the confidential nature of the open discussion by using them to support a false narrative that DeBiasi was racially biased against Johnson for offering constructive criticism. The accusation against him of bullying and racial animus towards Johnson were false.

15. On October 14, 2022, four weeks after the investigation concluded, AARP terminated DeBiasi's employment. His job performance had been exemplary during the entire course of his employment, and he had never engaged in misconduct or violated AARP policy. In September

3

2022, just prior to DeBiasi's dismissal, he had been given a salary raise and nominated for a promotion to Senior Associate State Director - Advocacy and Outreach. DeBiasi had been an effective and zealous advocate for AARP's mission and policy goals.

16. DeBiasi held himself and his work colleagues to the high work performance standards that AARP sets for its employees. Those standards are the same for every employee irrespective of their immutable race or gender characteristics.

17. Upon information and belief, however, AARP terminated DeBiasi's employment on account of his white race because he held a Black employee to the same standards of work performance as he held himself.

18. Upon further information and belief, AARP terminated DeBiasi's employment because he shared personal experiences of once harboring racially biased attitudes and how he had overcome those attitudes in a meeting designed to foster openness and racial healing.

19. By terminating his employment on account of his race, AARP violated DeBiasi's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

COUNT I
RACE DISCRIMINATION
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

20. By discharging DeBiasi on account of discrimination against his white race, as described herein, AARP violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

21. DeBiasi's injuries under this Count entitle him to reinstatement to his former position, and an award for (a) loss of past and future earnings, including fringe benefits; (b) compensation for his humiliation, pain and suffering, emotional distress, and loss of personal and professional

4

reputation; (c) compensation for damage to his career; (d) attorney's fees under 42 U.S.C. § 1988; and (e) costs of suit.

WHEREFORE, the plaintiff David M. DeBiasi demands judgment against the defendant AARP, reinstating him to his former position, and awarding him compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), attorney's fees and costs of suit, and further relief as this Court may deem just and proper.

**A jury trial is demanded pursuant to Fed. R. Civ. P. 38.**

Respectfully submitted,

DAVID M. DEBIASI

By: /s/ Scott G. Crowley
Virginia Bar No. 31216
Attorney for David M. DeBiasi
Crowley & Crowley, P.C.
4870 Sadler Road, Suite 300
Glen Allen, VA  23060
Tel.:  (804) 205-5010
Fax: (804) 800-4243
Email: scrowley@crowleyandcrowley.com

5