IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID M. DEBIASI,

        Plaintiff,

v.                                       Civil Action No. 3:24cv115

AARP,

        Defendant.

MEMORANDUM OPINION

This matter comes before the Court on Defendant AARP's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice (the "Motion"). (ECF No. 11.)[1] Plaintiff David M. DeBiasi responded in opposition to the Motion, (ECF No. 14), and Defendant replied, (ECF No. 16).

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid in the decisional process.

For the reasons that follow, the Court will grant the Motion. (ECF No. 11.)

### I. Factual and Procedural Background

**A.**     **Factual Allegations**

Mr. DeBiasi is a white male who worked as an employee of Defendant AARP, a nonprofit public interest group, from June 2010 to October 14, 2022. (ECF No. 10 ¶¶ 1–3, 9, 18.) Mr. DeBiasi "received annual performance ratings of good or excellent over the course of his 12 year tenure" at AARP. (ECF No. 10 ¶ 10.) As Associate State Director, Mr. DeBiasi's position at the time of his dismissal, he reported to Jim Dau, the AARP Virginia State Director.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

(ECF No. 10 ¶ 9.) "[I]n 2019, [Mr.] DeBiasi was honored as the only associate state director nationwide to be selected as a panelist at the AARP 60th Anniversary Celebration." (ECF No. 10 ¶ 11.) "Twice . . . [Mr.] DeBiasi received a 'Manager's Bonus for Performance,' a cash award for excellent performance[.]" (ECF No. 10 ¶ 11.) "[Mr.] DeBiasi was frequently selected by various Virginia Governors to serve on government task forces[.]" (ECF No. 10 ¶ 11.) Mr. DeBiasi further alleges that "[i]n 2023,[2] Dau nominated [him] to be promoted to Senior Associate State Director." (ECF No. 10 ¶ 10.)

Mr. DeBiasi "shared duties with Philisa Johnson, Associate State Director – Outreach, who is an African American female." (ECF No. 10 ¶ 12.) Because Ms. Johnson was "relatively new to the position," Mr. DeBiasi "sometimes advised her about the operation of the office." (ECF No. 10 ¶ 13.) "On one occasion, [Ms.] Johnson tried to schedule a team meeting without researching the team members' availability by checking their calendars." (ECF No. 10 ¶ 13.) Mr. DiBiasi told Ms. Johnson that "the approach was 'lazy.'" (ECF No. 10 ¶ 13.) Ms. Johnson "took offense at the characterization, and [Mr.] DeBiasi apologized." (ECF No. 10 ¶ 14.) Ms. Johnson told Mr. DeBiasi, "I know who you are now." (ECF No. 10 ¶ 14.) Mr. DeBiasi "understood [Ms.] Johnson to be saying that he was attacking her . . . because of her African American race instead of encouraging her to meet AARP's work performance standards." (ECF No. 10 ¶ 15.)

"In August 2022, [Mr.] DeBiasi's supervisor Jim Dau, directed [Mr. DeBiasi] to have a discussion with [Ms.] Johnson regarding her inadequate performance, specifically that she was not meeting the workload metrics that AARP had set for outreach directors." (ECF No. 10 ¶ 16.)

---

[2] This allegation conflicts with Mr. DeBiasi's allegation that "[o]n October 14, 2022 . . . AARP terminated [his] employment." (ECF No. 10 ¶ 18.)

2

"[Mr.] DeBiasi suggested ways in which [Ms.] Johnson could improve her outreach and marketing activities." (ECF No. 10 ¶ 16.) "Soon after this occurrence, someone reported [Mr.] DeBiasi to AARP's Human Resources Department and an investigation commenced." (ECF No. 10 ¶ 16.) "When the investigator interviewed [Mr.] DeBiasi, [the investigator] brought up statements that [Mr.] DeBiasi had previously made in an intra-office open discussion on race that AARP held for employees in the aftermath of the George Floyd murder" in which "[Mr.] DeBiasi acknowledged holding racial attitudes earlier in his life as a result of his childhood upbringing." (ECF No. 10 ¶ 17.) "The conclusion of the investigation was that [Mr.] DeBiasi had bullied [Ms.] Johnson." (ECF No. 10 ¶ 16.)

"On October 14, 2022, four weeks after the investigation concluded, AARP terminated [Mr.] DeBiasi's employment." (ECF No. 10 ¶ 18.) Mr. DeBiasi asserts that "AARP terminated [his] employment on account of his white race because he held a Black employee to the same standards of work performance as he held himself." (ECF No. ¶ 19.) Mr. DeBiasi asserts that "[t]he accusation that [he] had bullied [Ms.] Johnson or exhibited racial animus against her were false." (ECF No. 10 ¶ 17.) Mr. DeBiasi further asserts that "AARP replaced [him] with a woman that he and another AARP employe[e] perceived to be of mixed race." (ECF No. 10 ¶ 21.)

### B. Procedural Background

On February 16, 2024, Mr. DeBiasi filed his original Complaint. (ECF No. 1.) On April 2, 2024, Mr. DeBiasi properly filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (ECF No. 10.) On April 16, 2024, Defendant filed its Motion to Dismiss. (ECF No. 11.) Mr. DeBiasi timely responded, (ECF No. 14), and Defendant replied, (ECF No. 16).

3

For the reasons articulated below, the Court will grant Defendant's Motion to Dismiss. (ECF No. 11.)

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Giacomelli*, 588 F.3d at 193 (citation omitted). The court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Kensington*

4

*Volunteer Fire Dep't, Inc. v. Montgomery Cnty, Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (concluding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011))).

"In the context of a Title VII case, 'an employment discrimination plaintiff need not plead a prima facie case of discrimination' to survive a motion to dismiss[.]" *Bing v. Brivo Systems, LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 515 (2002)). Rather, "a Title VII plaintiff is 'required to allege facts to satisfy the elements of a cause of action created by that statute.'" *Bing*, 959 F.3d at 616 (quoting *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). "Accordingly, [a court's] inquiry is whether [a plaintiff] alleges facts that plausibly state a violation of Title VII above a speculative level." *Bing*, 959 F.3d at 617 (internal quotation marks and citations omitted).

### III. Analysis

#### A. Mr. DeBiasi Fails to Allege Facts That Plausibly State a Violation of Title VII Above a Speculative Level

As a threshold matter, Mr. DeBiasi has not alleged facts showing that at the time of his termination, he "was performing his job duties in accordance with the expectations of AARP." (ECF No. 10 ¶ 10.) Mr. DeBiasi alleges that he "received annual performance ratings of good or excellent over the course of his 12 year tenure" at AARP. (ECF No. 10 ¶ 10.) He also alleges

5

that he received a "Manager's Bonus for Performance" twice and that "in 2019, [he] was honored as the only associate state director nationwide to be selected as a panelist at the AARP 60th Anniversary Celebration" and (ECF No. 10 ¶ 11.) "[Mr.] DeBiasi was frequently selected by various Virginia Governors to serve on government task forces[.]" (ECF No. 10 ¶ 11.) "In 202[2], Dau nominated [Mr.] DeBiasi to be promoted to Senior Associate State Director." (ECF No. 10 ¶ 10.) These allegations are insufficient to show that AARP was satisfied with Mr. DeBiasi's job performance at the time he was terminated, which was in October 2022. (ECF No. 10 ¶ 18; *see Goode v. Cent. Va. Legal Aid Soc.*, No. 3:14cv281 (HEH), 2014 WL 3945870, at *5 (E.D.Va. Aug. 12, 2014) (concluding that plaintiff failed to plead facts showing that employer was satisfied with his job performance "at the time of his termination").)

As to the conduct surrounding his termination, Mr. DeBiasi alleges that he was terminated "on account of his white race because he held a Black employee to the same standards of work performance as he held himself." (ECF No. 10 ¶ 19.) To evaluate the sufficiency of this allegation, the Court must look favorably to the facts Mr. DeBiasi alleges in support of this assertion. *See Bing*, 959 F.3d at 617. Mr. DeBiasi alleges, assumed as true, that AARP terminated his employment "four weeks after [an] investigation" "conclu[ding] . . . that [Mr.] DeBiasi had bullied [Ms.] Johnson." (ECF No. 10 ¶¶ 16, 18.) The facts that Mr. DeBiasi pleads regarding AARP's termination of his employment do not plausibly state a claim that he was terminated because of his race. Instead, Mr. DeBiasi "specifically allege[s] a non-racial

6

reason for the termination", namely, his employer's conclusion after an investigation that he had bullied another employee. *Bing*, 959 F.3d at 617; ECF No. 10 ¶ 16.[3]

*Lacey v. Home Depot, U.S.A., Inc.* informs this Court's analysis. There, the plaintiff brought a Title VII claim alleging that she was "discriminated against racially" in her employment. No. 2:11cv521 (ALWA), 2011 WL 13192687, at *1 (E.D. Va. Nov. 14, 2011). However, the Court found that "[t]he sparse facts related by [plaintiff] indicate only that she was terminated because Home Depot concluded she had violated its anti-racism policy" and did "not support any inference that she was terminated because of her race." *Id.* at *1. The Court found that the plaintiff "fail[ed] to state a plausible claim of entitlement to relief under Title VII" because she "failed to allege any facts indicating she was treated differently as a result of her race[.]" *Id.* at *1. Similarly, Mr. DeBiasi's assertion that he "was fired after being falsely accused of exhibiting racial bias" does not plausibly allege that he was discriminated against because of his race. (ECF No. 10 ¶ 20.) The stated reason was bullying.

Mr. DeBiasi also fails to plausibly allege that he was "replaced by a similarly qualified applicant outside of the protected class." (ECF No. 10 ¶ 22 (internal quotation marks omitted).) Mr. DeBiasi's bare allegation that "AARP replaced [him] with a woman that he and another AARP employe[e] perceived to be of mixed race" does not plausibly allege discrimination against him because of his Caucasian race. ECF No. 10 ¶ 21; *see Salagh v. Va. Int'l Univ.*, No. 1:16-cv-1321 (GBL), 2017 WL 976620, at *3 (E.D. Va. Mar. 13, 2017) (stating that "the bare

---

[3] Mr. DeBiasi's Amended Complaint states that "[t]he conclusion of the investigation was that [he] had bullied Johnson." However, Mr. DeBiasi appears to concede that the complainant was *not* Ms. Johnson. In his Opposition to Plaintiff's Motion to Dismiss, he refers to paragraph 16 of his Amended Complaint, which states "[t]he conclusion of the investigation was that [Mr.] DeBiasi had bullied [Ms.] Johnson", (ECF No. 10 ¶ 16), and says "[t]his is inaccurate." (ECF No. 14, at 2.)

7

allegation that [plaintiff] was demoted and a white male employee took her place does not plausibly allege national origin or gender discrimination"). Even reading his Amended Complaint favorably and his allegations as true, Mr. DeBiasi did not establish "a prima facie case[4] of discrimination under Title VII" by stating that "his former position was filled by a similarly qualified applicant outside of the protected class." (ECF No. 10 ¶ 22 (internal quotation marks and citation omitted).) Mr. DeBiasi fails to allege any facts to support his conclusory allegation that his replacement was "similarly qualified", and merely asserts that "he and another AARP employe[e] *perceived* [her] to be of mixed race." (ECF No. 10 ¶¶ 21–22 (emphasis added).) He makes no mention of the replacement's specific qualifications at all. This speculative allegation falls well short of plausibly stating a claim for racial discrimination under Title VII.

In short, Mr. DeBiasi "does not relate any of his allegations of discriminatory conduct to his race . . . except in the most conclusory manner." *McKenzie-El v. Am. Sugar Refin., Inc.*, No. 21-1089, 2021 WL 5412341, at *2 (4th Cir. Nov. 19, 2021). Thus, the Court will grant AARP's

---

[4] "Although a plaintiff is not required to show a prima facie case to survive a motion to dismiss, the elements of a prima facie claim are helpful in analyzing the plausibility of the claim as alleged." *Lowman v. Md. Aviation Admin.*, No. 18-1146, 2019 WL 133267, at *5 (D. Md. Jan. 8, 2019) (internal quotation marks, citation, and brackets omitted).

Motion to Dismiss because Mr. DeBiasi has failed to "allege[] facts that plausibly state a violation of Title VII above a speculative level." *Bing*, 959 F.3d at 617.

### B. The Court Will Dismiss Mr. DeBiasi's Amended Complaint With Prejudice

In its Motion to Dismiss, AARP "seeks dismissal of Plaintiff's Amended Complaint in its entirety, without leave to amend because amendment would be futile." (ECF No. 11, at 1.) Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to parties to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a "district court may deny leave to amend for reasons 'such as . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment[.]'" *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

Here, Mr. DeBiasi does not seek leave to amend his Amended Complaint. (ECF No. 14, at 8 (arguing that his "factual allegations . . . are certainly sufficient to allow discovery in this matter to proceed in order to test his allegations in summary judgment and trial.").) Mr. DeBiasi's Amended Complaint fails to state a plausible claim for relief for discrimination against him because of his Caucasian race under Title VII and "specifically allege[s] a non-racial reason for [his] termination": bullying. *Bing*, 959 F.3d at 617. He also does not plausibly allege that he was replaced by a similarly qualified individual. The Court finds that amendment would be futile and thus will dismiss Mr. DeBiasi's Amended Complaint with prejudice.

9

## IV. Conclusion

For the reasons articulated above, the Court will grant Defendant's Motion to Dismiss, (ECF No. 11), and dismiss with prejudice Plaintiff's Amended Complaint. (ECF No. 10).

An appropriate Order shall issue.

Date: 12/13/24  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge